# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN RAY HORSLEY,<br><br>    Petitioner,<br><br>    v.<br><br>BRIAN CATES,<br><br>    Respondent. | Case No. 1:23-cv-01248-EPG-HC<br><br>ORDER GRANTING PETITIONER'S MOTION TO STAY<br><br>(ECF No. 2)<br><br>ORDER DIRECTING PETITIONER TO FILE FULLY EXHAUSTED AMENDED PETITION |

Petitioner Allen Ray Horsley, represented by counsel, is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On August 21, 2023, Petitioner filed a federal petition for writ of habeas corpus raising five grounds for relief. (ECF No. 1.) That same day, Petitioner filed the instant motion to stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), or in the alternative pursuant to Rhines v. Weber, 544 U.S. 269 (2005). (ECF No. 2.) Petitioner "seeks to have Grounds Four and Five dismissed from the Petition, without prejudice, while he exhausts his remedies with respect thereto in State Court." (ECF No. 2 at 3.)[1]

Under Kelly, a three-step procedure is used: (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court in its discretion stays the amended, fully exhausted petition, and holds it in abeyance while the petitioner has the opportunity to proceed to state

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

court to exhaust the deleted claims; and (3) once the claims have been exhausted in state court, the petitioner may return to federal court and amend his federal petition to include the newly-exhausted claims. 315 F.3d at 1070–71. However, a petitioner's use of Kelly's three-step procedure is subject to the requirement of Mayle v. Felix, 545 U.S. 644 (2005), that any newly exhausted claims that a petitioner seeks to add to a pending federal habeas petition must be timely or relate back, i.e., share a "common core of operative facts," to claims contained in the original petition that were exhausted at the time of filing. King v. Ryan, 564 F.3d 1133, 1143 (9th Cir. 2009). As Kelly "does not require that a petitioner show good cause for his failure to exhaust state court remedies," King, 564 F.3d at 1135, the Court finds that Petitioner may proceed with the Kelly procedure.[2]

"Pursuant to section 636, magistrate judges may hear and determine nondispositive matters, but not dispositive matters, in § 2254 proceedings." Mitchell v. Valenzuela, 791 F.3d 1166, 1168 (9th Cir. 2015) (citing Hunt v. Pliler, 384 F.3d 1118, 1123 (9th Cir. 2004)). "[A] motion to stay and abey section 2254 proceedings is generally (but not always) dispositive of the unexhausted claims." Mitchell, 791 F.3d at 1171. "To determine whether a motion is dispositive, we have adopted a functional approach that looks to the effect of the motion, in order to determine whether it is properly characterized as dispositive or non-dispositive of a claim or defense of a party." Id. at 1168–69 (internal quotation marks omitted) (quoting Flam v. Flam, 788 F.3d 1043, 1046 (9th Cir. 2015)). "[A] motion to stay is nondispositive where it '[does] not dispose of any claims or defenses and [does] not effectively deny . . . any ultimate relief sought.'" Mitchell, 791 F.3d at 1170 (second and third alterations in original) (quoting S.E.C. v. CMKM Diamonds, Inc., 729 F.3d 1248, 1260 (9th Cir. 2013)). Cf. Bastidas v. Chappell, 791 F.3d 1155, 1164 (9th Cir. 2015) (analogizing a motion to stay to a motion to amend and noting that while "[i]t should be no surprise that the magistrate judge's decision to *grant* a motion to amend is not generally dispositive; whether the *denial* of a motion to amend is dispositive is a

---

[2] "Petitioner respectfully submits that Grounds Four and Five, once exhausted, will be timely when he seeks leave from this Honorable Court to amend the Petition to add these claims back in because they are 'tied to a common core of operative facts.'" (ECF No. 2 at 3 (quoting Mayle, 545 U.S. at 655).) In granting the Kelly stay, the Court expresses no opinion as to whether Grounds Four and Five are timely and/or relate back to the exhausted claims in the petition.

different question entirely," and observing that "the dispositive nature of a magistrate judge's decision on a motion to amend can turn on the outcome"). Given that granting a stay in the instant proceeding "[does] not dispose of any claims or defenses and [does] not effectively deny . . . any ultimate relief sought," Mitchell, 791 F.3d at 1170 (internal quotation marks and citation omitted), the undersigned has authority to grant Petitioner's request to stay.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Petitioner's motion for a Kelly stay (ECF No. 2) is GRANTED; and
2. Within **FOURTEEN (14) days** of the date of service of this order, Petitioner is DIRECTED to file an amended petition for writ of habeas corpus deleting Grounds Four and Five. Thereafter, the Court will stay the proceedings pending exhaustion of state remedies.

IT IS SO ORDERED.

Dated:   **September 13, 2023**          /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE

3